UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DURAN A.H.,[1]

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-07074-TLN-SCR

A# 240-117-429

**RELEASE ORDER**

This matter is before the Court on pro se Petitioner Duran A.H.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed an opposition and supplement. (ECF Nos. 8, 9.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

This matter arises out of Petitioner's challenge to his civil immigration detention without a hearing. (ECF No. 1.) The facts are not disputed here. Petitioner is a noncitizen who last entered the United States in 2017 on a visitor visa. (ECF No. 9-1 at 2.) Petitioner overstayed his visa. (*Id.*) Over the last nine years, Petitioner lived in Florida, established a stable residence with his family, joined a religious community, and worked to provide for himself and his family. (ECF No. 1 at 10.) Immigration authorities issued a detainer for Petitioner after he was arrested for misdemeanor battery in April 2026. (ECF No. 9-1 at 2; ECF No. 9-2 at 7.) Despite Petitioner's recent arrest, there is no evidence in the record that Petitioner has ever been convicted of any crime. (*See generally* ECF No. 9-2.) On approximately June 26, 2026, immigration authorities detained Petitioner. (ECF No. 1 at 2.) Respondents concede Petitioner's detention is governed by 8 U.S.C. § 1226(a) and he is entitled to a custody hearing. (ECF No. 9 at 1.) Petitioner has now been detained nearly three months without any such hearing. (*See* ECF No. 1.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

///

///

///

## III. ANALYSIS

Petitioner claims his detention without a hearing violates the Fifth Amendment Due Process Clause.[2] (ECF No. 1 at 25–26.) Respondents concede Petitioner's detention is governed by 8 U.S.C. § 1226(a) and he is entitled to a custody hearing. (ECF No. 9 at 1.) However, Respondents have provided no such hearing. (ECF No. 1.) This Court has found a Fifth Amendment violation under analogous circumstances numerous times. *See, e.g.*, *Jhonny Enrique A.A. v. Chestnut, et al.*, No. 1:26-cv-06832-TLN-JDP (E.D. Cal. Sept. 11, 2026) (finding due process violation where government did not provide custody hearing in accordance with § 1226(a)); *Xianming H. v. Warden of the Cal. City Det. Facility, et al.*, No. 1:26-CV-02543-TLN-CKD, 2026 WL 1283415, at *5 (E.D. Cal. May 11, 2026) (same); *Rene Leonel G.O. v. Warden of the Cal. City Det. Facility, et al.*, No. 2:26-CV-00733-TLN-SCR, 2026 WL 1219698, at *4 (E.D. Cal. May 5, 2026) (same). The Court once again finds that due process, at a minimum, entitles Petitioner to his statutory right to a custody hearing within a reasonable time and manner, and because Respondents failed to provide any such hearing, Respondents have violated Petitioner's due process rights.

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas,* 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

---

[2] Finding relief warranted on his Fifth Amendment claim, the Court declines to address Petitioner's additional claims in favor of judicial economy.

A. <u>Liberty Interest</u>

As for the first step, the Court finds Petitioner has a protectable liberty interest. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *See Rico-Tapia v. Smith*, No. 25-CV-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025). Liberty interest may be strengthened over time. *See, e.g., Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Petitioner has a clear liberty interest here. He has resided in the United States for nearly a decade after he was admitted on a visa. Even if he is removable, or his liberty is revocable, his liberty is still protected by due process. *See Hernandez*, 872 F.3d at 993; *Zadvydas*, 533 U.S. at 693. Having found a liberty interest protected by due process, the Court next turns to the procedural safeguards that were owed to Petitioner.

B. <u>Procedures Required</u>

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him. The time Petitioner spent at liberty underscores the gravity of its loss. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) ("The lengthy duration of his conditional release as well as the meaningful connections Petitioner seems to have made with his community during that time create a powerful interest for Petitioner in his continued liberty."). Despite his interest in maintaining his liberty,

Petitioner has now been detained for nearly three months separated from his family, and unable to work while suffering from deteriorating mental health. (*See* ECF No. 1.) Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD, 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received any hearing, either pre- or post-detention. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994. Here, Petitioner is not subject to a final order of removal.[3] Respondents do not claim that he is a danger to the community or a flight risk. (ECF Nos. 8, 9.) On the record before this Court, Petitioner has never been convicted of a crime. (*See* ECF No. 9-2.) Without any showing by Respondents of a legitimate interest to detain Petitioner, the Court finds there is a serious likelihood Petitioner was erroneously deprived of his liberty interest. Without any procedural safeguards to determine whether his detention was justifiable, the probative value of additional procedural safeguards is high. *R.D.T.M.*, 2025 WL 2617255, at *4.

Finally, the Government's interest is low, and the effort and cost required to provide

---

[3] An immigration judge issued an order of removal for Petitioner in August, however, that order is not yet final and Petitioner is still within his window to appeal. (ECF No. 9-3.) The existence of a removal order does not alter the Court's findings in this Order. Even if the order becomes final and the basis for detention changes, a constitutional claim does not evaporate with a shifting statutory basis for detention authority. *See Alvarenga Matute v. Wofford*, No. 1:25-CV-01206-KES-SKO, 2025 WL 2996577, at *4 (E.D. Cal. Oct. 24, 2025) (A "change in the applicable statutory authority [for detention] does not render moot petitioner's due process claim"); *Doe v. Becerra*, 697 F. Supp. 3d 937, 943 (N.D. Cal. 2023) ("[J]ust as the "shall" in [§] 1226 gives way to as-applied due process challenges, so too must the 'shall' in [§] 1231(a)." (citing *Demore v. Kim*, 538 U.S. 526 (2003); *Nielsen v. Preap*, 586 U.S. 392 (2019); *Hernandez Gomez v. Becerra*, No. 23-cv-01330-WHO, 2023 WL 2802230, at *3 (N.D. Cal. Apr. 4, 2023))).

Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Custody determination hearings are routine processes for Respondents. Indeed, they are the very process owed to Petitioner under 8 U.S.C. § 1226(a). Any burden associated with the provision of this process is negligible and does not outweigh Petitioner's liberty interest and the risk of erroneous deprivation. Nor do Respondents claim they would be unduly burdened. (*See* ECF Nos. 8, 9.)

Under *Mathews*, Petitioner was owed, at minimum, a hearing as to his detention "at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (citing *Grannis v. Ordean*, 234 U.S. 385, 394 (1914))). Petitioner has not been given any such hearing in nearly three months of detention. Thus, the Court finds Respondents have violated the Fifth Amendment in Petitioner's detention.

## IV. CONCLUSION

Accordingly, the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. Further, IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Duran A.H. (A# 240-117-429) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents must file a **notice of compliance** with this Order by **September 18, 2026.**

2. Respondents are ENJOINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government demonstrates by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's Motion to Proceed in Forma Pauperis (ECF No. 2) is GRANTED.

4. Petitioner's Motion for Temporary Restraining Order (ECF No. 3) and Motion to

Appoint Counsel (ECF No. 4) are DENIED as moot.

5. The Clerk of Court is directed to serve this Order on the **Central Valley Annex Detention Facility**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

DATE: September 15, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE